IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–02299–MDB

BRIAN K. CANNON,

 Plaintiff,

v.

WASHINGTON CO. JUSTICE CENTER, and
TURN KEY MEDICAL GROUP,

 Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant Washington County Sheriff's Office's ("WCSO")[1] Motion to Dismiss. (["Motion"], Doc. No. 33.) Plaintiff has not responded to the Motion, and the time to do so has expired.[2] After reviewing the Motion and relevant law, the

---

[1] The Washington County Sheriff's Office says it is incorrectly sued as "Washington County Justice Center." (Doc. No. 33 at 1.) For clarity, the Court will use WCSO to refer to this Defendant.

[2] The Motion was filed on July 8, 2024. (Doc. No. 33.) After *pro se* Plaintiff failed to file a timely response to the Motion, the Court set a status conference for October 21, 2024. (Doc. No. 34.) During the conference, Plaintiff advised the Court he intended to file a response and had a copy of the Motion. (Doc. No. 36.) The Court extended the response deadline to November 22, 2024. (*Id.*) Plaintiff was cautioned "that if he fails to meet the response deadline, he runs the risk of his case being dismissed for failure to prosecute." (*Id.*) On November 21, 2024, Plaintiff filed a motion for a 60-day extension of this deadline, saying "he never received a true copy" of the Motion. (Doc. No. 38.) The Court expressed concern as to the inconsistency between Plaintiff's representations during the status conference and the extension motion but nevertheless granted the extension, moving Plaintiff's response deadline to January 22, 2025. (Doc. No. 39.) In its Minute Order, the Court notified Plaintiff that "absent extraordinary circumstances, no further

Court respectfully **RECOMMENDS**[3] that the Motion be **GRANTED** and Plaintiff's claim against WSCO be dismissed.

## SUMMARY FOR *PRO SE* PLAINTIFF

The Court is recommending that your Eighth Amendment Claim against WCSO be dismissed. To state a viable claim against WCSO, you must plead enough facts to show that an employee of WCSO committed a constitutional violation and that the violation was the result of a municipal policy or custom. Your Complaint falls short of that. Although you identify a custom or policy that allegedly permits only two distributions of medication, your allegations do not demonstrate that your incorrect dosage was the result of this policy. Additionally, the policy is entirely disconnected from the allegation that certain medication was not provided for days after arriving at WCJC, or the allegation that you were given the wrong medication. In other words, your allegations are insufficient to state a claim against WCSO and the remaining Eighth Amendment claim against WCSO must be dismissed. This is only a high-level summary; the

---

extensions would be granted." (*Id*.) The Court ordered that Plaintiff be mailed a copy of the Complaint and Motion, and also directed the parties to file completed magistrate judge consent forms by December 20, 2024. (*Id.*) On December 19, 2024, Defendants returned a form indicating they consent to magistrate judge jurisdiction over this matter. (Doc. No. 42.) On January 6, 2025, Plaintiff filed a motion advising the Court he had not received a copy of the Motion, Complaint, or consent form. (Doc. No. 43.) On January 7, 2025, the Court extended Plaintiff's response deadline and deadline to file a consent form to February 7, 2025. (Doc. No. 44.) It also ordered the clerk to mail a copy of the Complaint, consent form, and Motion. (*Id.*; *see* Doc. No. 45 (confirming such documents were mailed to Plaintiff.).) To date, Plaintiff has not filed a response to the Motion, a completed consent form, or a request for additional time. Still, and in light of Plaintiff's *pro se* status, the Court considers the Motion on its merits. *See Persik v. Manpower Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) ("A district court may not grant a 12(b)(6) dismissal based solely on [a *pro se*] plaintiff's failure to respond.") (unpublished).

[3] Because the Court has not received Plaintiff's consent form, it issues this decision as a recommendation rather than an order.

entire Recommendation is set forth below, along with information about your right to object to this Recommendation.

## BACKGROUND

Plaintiff lives with COPD, congestive heart failure, kidney failure, and nerve damage in his legs and feet. (Doc. No. 1 at 6.) Plaintiff alleges he arrived at Washington County Justice Center ("WCJC") on July 27, 2023.[4] (*Id.*) Plaintiff says he "didn't get any of [his] lifesaving medication for two days" after arriving at WCJC. (*Id.*) He also alleges, "after two weeks they gave me medicine that was not proscribe[d] by my doctor." (*Id.*) According to Plaintiff, he took the new medicine for two days and it did not work. (*Id.*) Plaintiff also worried the new medication "might not go with" his old medication, so he stopped taking it. (*Id.*) According to Plaintiff, the nerve damage in his legs and feet began to cause him significant pain due to the lack of medication. (*Id.* at 7.) Plaintiff goes on to allege that after three weeks at WCJC, he was given the "correct medication" that had been prescribed by his doctor, but he was given an incorrect dose. (*Id.* at 6–7.) According to Plaintiff, he is supposed to take his medication four times per day, but a WCJC nurse said the facility "only gives out meds twice a day." (*Id.* at 7.) Plaintiff contends WCJC does "not have the correct medical staff available," and says he does not think the staff could save him in the event of a medical emergency. (*Id.*) Based on these

---

[4] Plaintiff is no longer housed at WCJC. On July 2, 2024, WCSO informed the Court that Plaintiff is now an inmate at Federal Prison Camp Duluth, in Duluth, Minnesota. (Doc. No. 32.)

3

allegations, Plaintiff brings an Eighth Amendment deliberate indifference claim against both Defendants[5] under 42 U.S.C. § 1983.[6]

WCSO moves pursuant to Rule 12(b)(6), arguing Plaintiff fails to state an Eighth Amendment claim. (Doc. No. 33.) Specifically, the Complaint fails to sufficiently allege WCSO's staff acted with deliberate indifference to an objectively serious medical need (*id.* at 6–8), and it fails to sufficiently allege that a policy or custom caused Plaintiff's alleged harm pursuant to *Monell v. Department of Soc. Svcs*. 436 U.S. 658 (1978) (*id.* at 8–9).

## LEGAL STANDARD

**I.   Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

---

[5] Turn Key Medical Group has not moved to dismiss the claim against them and instead filed an Answer. (Doc. No. 30.)

[6] At the initial review stage, Judge Babcock dismissed this claim without prejudice to the extent it was based on WCSO's failure to accommodate Plaintiff's physical disabilities and to the extent it was brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. No. 14 at 2.) However, Judge Babcock allowed the Eighth Amendment claim to proceed to the extent it was based on WCSO's alleged failure to provide Plaintiff his medication. (*Id.*; *see also* Doc. No. 10 (Judge Prose's Recommendation as to the same).))

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a Rule 12(b)(6) motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," i.e., those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id*. at 679.

That being said, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted). "Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' *Id*. (citation omitted).

## II.   *Pro Se* Plaintiff

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## ANALYSIS

"Local governing bodies can be sued directly only where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Sanchez v. City of Littleton*, 491 F.

6

Supp. 3d 904, 920 (D. Colo. 2020) (quoting *Monell*, 436 U.S. at 690). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

"In order to state a claim for municipal liability under § 1983 for the actions of a municipal employee, a party must allege sufficient facts to demonstrate that it is plausible '(1) that a municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation.'" *Sanchez*, 491 F. Supp. at 920 (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004)); *see Crowson v. Wash. Cty.*, 983 F.3d 1166, 1191 (10th Cir. 2020) ("[T]here is no question that where the actions of a municipality's officers do not rise to the level of a constitutional violation and the claim against the municipality is based on it serving as the driving force behind those actions, liability cannot lie."). A plaintiff must further show that "the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013).

Here, even assuming (without deciding) that Plaintiff indeed suffered a constitutional injury,[7] the Complaint fails to sufficiently plead a *Monell* claim against WCSO. *See Eberhardt v. City of Greeley, Co.*, 2023 WL 11867125, at *4–5 (D. Colo. Aug. 28, 2023) (assuming plaintiff pled a constitutional harm, but nevertheless concluding he failed to plead a *Monell* claim). Plaintiff identifies one alleged policy in connection with his claim: that WCJC distributes

---

[7] The Court notes that, as plead, the Complaint's allegations appear too sparse to plausibly allege a constitutional violation occurred. *See Iqbal*, 556 U.S. at 678–81.

7

medication twice a day. (Doc. No. 1 at 7.) And while this alleged distribution policy is at least somewhat connected to Plaintiff's allegation that he was given the wrong dosage of his medication, the Complaint fails to plausibly demonstrate this policy caused Plaintiff injury.

Plaintiff appears to allege he was being given only two doses of his medication every day—one during each of the two scheduled distributions—even though he was prescribed to take four doses, total. But the allegations in the Complaint do not specifically tie his incorrect dosage to the distribution schedule. For example, Plaintiff does not allege that he asked for a double dose during a particular distribution and WCJC refused, nor does he allege that WCJC staff knew he was required to take four doses but ignored his dosage requirements because of the distribution schedule.[8] Said another way, the allegations—even if accepted as true—do not demonstrate the distribution schedule was the moving force behind Plaintiff's incorrect dosage. *See Sanchez*, 491 F. Supp. 3d at 920 (in order to allege a municipal liability claim under § 1983, "a party must allege sufficient facts to demonstrate that it is plausible ... 'that a municipal policy or custom was the moving force behind the constitutional deprivation'" (quoting *Jiron*, 392 F.3d at 419)). Thus, the incorrect dosage does not give rise to a viable *Monell* claim.

Additionally, the distribution policy is entirely disconnected from other allegations in the Complaint, including that Plaintiff's medication was not provided for days after arriving at WCJC, and that Plaintiff was initially given a different medication than what was prescribed. Thus, none of Plaintiff's allegations are sufficient to state a valid *Monell* claim.

---

[8] At most, Plaintiff alleges a nurse told him WCJC "only give[s] out meds twice a day," but he does not allege that he explained his dosage requirements or that the nurse refused to follow his dosage requirements because she was bound by the distribution schedule.

The Court pauses to acknowledge that the Complaint paints a troubling picture concerning Plaintiff's access to medication at WCJC. But pleading a *Monell* claim requires much more than pleading a troubling set of facts. A plaintiff must tie the injury to a specific policy or custom. Here, Plaintiff's allegations suggest that unidentified, non-party, WCJC staff may have been careless with respect to Plaintiff's medication, but they do not support a municipal liability claim.

## CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** Defendant Washington County Sheriff's Office's Motion to Dismiss (Doc. No. 33) be **GRANTED** and Plaintiff's claim against WCSO be **DISMISSED**. [9]

The Clerk of Court is directed to reassign this case to a District Judge under D.C.COLO.LCivR 40.1(c)(8) and D.C.COLO.LCivR 40.1(a) for consideration of the Court's Recommendation.

The Clerk of Court is further directed to mail a copy of this Recommendation to Plaintiff:

Brian K. Cannon
# 63505-509
DULUTH
FEDERAL PRISON CAMP
Inmate Mail/Parcels
P.O. BOX 1000
DULUTH, MN 55814

---

[9] "[O]rdinarily the dismissal of a *pro se* claim under Rule 12(b)(6) should be without prejudice." *Ghailani v. Sessions*, 859 F.3d 1295, 1304 (10th Cir. 2017). Here, however, Plaintiff was warned in October, 2024 that failure to respond to the Motion could result in dismissal. At that time, the Court extended Plaintiff's time to respond. Thereafter, the Court extended Plaintiff's deadline twice more, and in total Plaintiff was allowed nearly seven extra months to respond. Plaintiff still has not responded.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of February, 2025.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge